IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY S. DALY, et al.,<br><br>　　　　Defendants. | No. C 13-4665 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses some defendants, and orders service upon the others.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that in October 2009, he was housed in administrative segregation at the Glenn Dyer Detention Facility in Alameda County.  There was a faulty plumbing problem, and a large amount of sewage began overflowing from the toilet onto plaintiff's cell floor.  After plaintiff and other inmates began calling for help, Alameda County Sheriff Deputy S. Daly came to plaintiff's cell.  Deputy Daly ordered plaintiff to place his hands through the food slot so that Deputy Daly could handcuff plaintiff.  However, plaintiff was unable to get to the food slot without stepping into piles of defecation and told Deputy Daly the same thing.  Deputy Daly insisted that plaintiff comply, but plaintiff refused because he would have had to step in the defecation.  Deputy Daly appeared to get angry and eventually buzzed plaintiff's cell door open. Deputy Daly ordered plaintiff to exit the cell.  Plaintiff stepped around the defecation and offered his hands up for cuffing.  Deputy Daly told plaintiff that he was going to now cuff plaintiff behind his back instead of his front.  After Deputy Daly cuffed plaintiff, Deputy Daly forcefully grabbed plaintiff's arms, roughly escorted plaintiff to an upstairs visiting area, and locked plaintiff into a small visiting booth.  During the escort, plaintiff repeatedly informed Deputy Daly that plaintiff had a pre-existing medical condition in his shoulders and that the way that Deputy Daly was escorting plaintiff was hurting plaintiff.  Deputy Daly ignored plaintiff.

Once Deputy Daly placed plaintiff in the small visiting booth, Deputy Daly told plaintiff to "get comfortable" because plaintiff was going to be in there for a while.  Plaintiff requested that Deputy Daly take the cuffs off, and requested use of the restroom, but Deputy Daly denied both requests.  Plaintiff was forced to stay in the visiting booth for three hours, during which time, no deputy or jail official came around, and plaintiff was forced to urinate in his clothing. After three hours, Deputy Pilot arrived to release plaintiff from the booth.  Plaintiff was provided

clean clothing and shoes, but was not given medical attention until a later date.  Plaintiff alleges that Deputy Daly's forceful escort aggravated plaintiff's pre-existing shoulder condition and caused psychological injuries.  Liberally construed, plaintiff has stated a cognizable claim against Deputy Daly for excessive force.

Plaintiff further asserts that Deputy Daly, Deputy Almehny, and Deputy Abrams violated plaintiff's right to due process.  Specifically, plaintiff claims that Deputy Daly violated plaintiff's right to due process by placing plaintiff in the visiting booth for three hours while knowing that plaintiff had to use the restroom.  Plaintiff claims that Deputy Almehny is liable because Deputy Almehny was present when Deputy Daly locked plaintiff in the visiting booth.  And, plaintiff alleges that Deputy Abrams is liable because Deputy Abrams knew that plaintiff was in the visiting booth.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

Liberally construed, plaintiff has stated a cognizable claim against Deputy Daly that Deputy Daly violated plaintiff's right to due process.  However, because there is no indication that Deputies Almehny or Abrams knew of, or disregarded, an excessive risk to plaintiff's health or safety, *see Farmer*, 511 U.S. at 837, Deputies Almehny and Abrams are DISMISSED with leave to amend.

Plaintiff also alleges that Deputy Daly violated plaintiff's right to be free from retaliation.  However, plaintiff has not alleged facts sufficient to support a retaliation claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of

First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").  Accordingly, this claim is DISMISSED with leave to amend.

Plaintiff finally alleges that Captain James Ayala, Sheriff Gregory Ahern, and Alameda County are liable as supervisors for failure to train deputies, and permitting deputies to violate the policy of providing direct visual safety checks on inmates at least once per hour.  Liberally construed, plaintiff has stated a cognizable claim against Captain James Ayala, Sheriff Gregory Ahern, and Alameda County.

**CONCLUSION**

1.   Defendants Deputy Almehny and Deputy Abrams are DISMISSED with leave to amend.  Plaintiff's claim of retaliation is DISMISSED with leave to amend.  If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-4665 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in the court automatically proceeding with only the cognizable claims and defendants named in this order.**

2.   The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Deputy S. Daly, Captain James Ayala, Sheriff Gregory J. Ahern, and the County of Alameda** at the **Glenn Dyer**

1 **Detention Facility**.

2 The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
3 order to the Office of County Counsel, 1221 Oak Street, Suite 450, Oakland CA 94612.
4 Additionally, the clerk shall mail a copy of this order to plaintiff.

5     3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
6 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
7 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
8 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
9 the cost of such service unless good cause be shown for their failure to sign and return the waiver
10 form. If service is waived, this action will proceed as if defendants had been served on the date
11 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
12 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
13 was sent. (This allows a longer time to respond than would be required if formal service of
14 summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the
15 waiver form that more completely describes the duties of the parties with regard to waiver of
16 service of the summons. If service is waived after the date provided in the Notice but before
17 defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
18 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
19 filed, whichever is later.

20     4. No later than **ninety (90) days** from the date of this order, defendants shall file a
21 motion for summary judgment or other dispositive motion with respect to the cognizable claims
22 in the complaint.

23     a. If defendants elect to file a motion to dismiss on the grounds that plaintiff
24 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
26 F.3d 1108, 1119-20 (9th Cir. 2003).

27     b. Any motion for summary judgment shall be supported by adequate factual
28 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

1 Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

5.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

7.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

8.      All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

10.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   3/21/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.13\Wilkins665srv.wpd            6